# Commonwealth ex rel. *v.* Union Casualty Ins. Co. (No. 2).

*Insurance—Liquidation of insurance companies—Application to prosecute pending bill in equity—Insurance commissioner.*

1. Where the insurance commissioner, as statutory liquidator of an insurance company, has filed his account, plaintiffs in a pending suit in equity against the officers of the company for misapplication of funds, cannot petition that the account be referred back to the liquidator with instructions to proceed in the equity suit, where it appears that the petitioners had made no application to the liquidator to so proceed, and had filed no exceptions to his account.

2. In such case, the court will dismiss the petition and confirm the account; but, if the liquidator has a further accounting to make, the petitioners may renew their application to him.

Argued May 24, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 6, May T., 1926, by Ardon P. Hammond et al., claimants, from decree of C. P. Dauphin Co., Commonwealth Docket, 1916, No. 113, dismissing petition

to refer back liquidator's account, and confirming the account, in case of Commonwealth ex rel. J. D. O'Neil, Insurance Commissioner, v. Union Casualty Insurance Co.   Affirmed.

Petition to refer back to the liquidator his account with direction to intervene in a pending equity suit.

The opinion of the Supreme Court states the facts.

Petition dismissed and account confirmed, in opinion by Fox, J.   Ardon P. Hammond et al., claimants, appealed.

*Errors assigned* were, inter alia, decree, quoting record.

*Walter B. Gibbons,* with him *Wm. H. Whitaker,* for appellants.

*Wm. Y. C. Anderson,* Deputy Attorney General, with him *George W. Woodruff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1926:

We have set forth in the opinion in the preceding case (DeHaven's Appeal) sufficient facts connected with the liquidation of the Union Casualty Insurance Company to make clear the situation existing in this proceeding.

Appellants filed a petition in the Common Pleas of Dauphin County on December 26, 1924, praying that the account of the liquidator, then before the court for confirmation, be referred back to him, with directions to proceed further with certain litigation to collect alleged assets belonging to the insolvent corporation.  This litigation was pending in the Common Pleas of Philadelphia and had been started by a stockholder and certain creditors of the corporation.   The bill in equity which they filed charged a misapplication of assets of the company by the defendants named therein.   Appellants did not make their application to proceed with

the litigation to the liquidator but waited until his account was filed and then presented their petition to the court. As has been pointed out in the preceding opinion, this was not the proper way to proceed; the application should have been made to the insurance commissioner, the statutory liquidator. No application was made nor was any exception filed with him. Under these circumstances, the court below very properly dismissed the petition and confirmed the account.

In oral argument it was stated that the insurance commissioner has a further accounting to make. If this be so there is no reason why appellants shall not renew their application to him. If he can be satisfied that further assets will be realized by proceeding with the litigation it would be his duty to do so.

The order of the court below is affirmed at appellants' cost.